Opinion of
the Court.
THE sheriff having taken, under a writ of fieri facias against the estate of Dorsey, a tract of land, a part of which had been previously conveyed to Barbee by a deed from Dorsey, but which had not been admitted to record, and being about to expose the same to sale at twelve months’ credit, an agreement was made between Cocke, Barbee and Dorsey, whereby Cocke was to become the purchaser at the sale of the sheriff, and executed an instrument of writing, binding himself to relinquish to Barbee that part of the tract which had been previously conveyed to him by Dorsey, and to relinquish to Dorsey the residue of the tract, upon Dorsey’s paying the purchase money, and releasing Cocke from all costs, at any time before Dorsey was bound to pay the sheriff; and upon the failure of Dorsey, if Barbee should comply, he was to have the land. Cocke accordingly purchased the land, and received from the sheriff a deed, and gave his obligation for the price at twelve mouths’ credit. The money not having been paid by Dorsey within the time stipulated, Cocke thereafter received the amount from Barbee, and executed a deed to him for the land. To be relieved against this deed, and redeem the land, Dorsey exhibited his bill in equity, in which, after setting forth the agreement and sale by the sheriff he charges that, before the twelve months elapsed, he offered to pay Cocke the money, but that Cocke refused to receive it; and that Barbee, with notice of this circumstance, received from Cocke a deed; and alleges a combination between Cocke and Barbee, to defraud him out of his land, &c.
*205 The court below, on a hearing of the cause, being of opinion Dorsey had not manifested his right to relief, dismissed his bill. From this decree Dorsey has appealed to this court.
Whether the agreement upon which Dorsey goes for relief should be considered a mortgage or conditional sale, as under the circumstances attending this case, the result would be the same, we have not thought it necessary or material to determine. If it be construed in the most favorable light for the appellees, and considered a conditional sale, Dorsey, by paying the money at any time within twelve months from the date, would, in equity, have been entitled to a re-conveyance; or, if the money was not paid within that time, owing to the refusal of Cocke to receive it, as between him and Dorsey, and all those claiming under him with notice, the same consequence would follow. That Barbee obtained a conveyance from Cocke with full knowledge of the occurrences which had previously transpired between Dorsey and Cocke, in relation to the refusal of the latter to receive the money, we think, from the evidence in this cause, there can be no doubt. Unless Barbee had this knowledge, it is difficult to assign any satisfactory reason why he should have given a bond of indemity to Cocke, upon receiving from him a title. Besides, Barbee, by taking from Cocke an obligation for the land, before the expiration of the time Dorsey was allowed to pay the money, seems to have evinced a design to preclude Dorsey from obtaining the land. Barbee, then, in the present contest, cannot occupy more favorable ground than Cocke; and the only material inquiry that occurs in the determination of this case, is, whether Dorsey has been prevented from paying the money within the stipulated time, under such circumstances as in equity entitle him to relief.
The evidence, it is true, does not prove a formal tender to Cocke, by the actual production of the money; but it is apparent Dorsey had the money at command, and was prevented from paying it by the positive declarations of Cocke that he would not receive it; and this, we apprehend, for every equitable purpose, was all that should be required of Dorsey. The refusal, it is true, was made by Cocke some two or three months before the expiration of the time Dorsey was allowed to pay the money; but as, by the terms of the agreement, *206 Dorsey had a right to pay it at any time within the twelve months, the offer of Dorsey to pay, and the refusal of Cocke to receive within that time, has the same operation, and must be attended with the same consequences as if the tender had been made the last day upon which payment could have been made, according to the terms of the agreement.
Therefore, it is decreed and ordered, that the decree of the circuit court aforesaid be reversed and set aside; the cause remanded to said court, and a decree there entered against Barbee, to re-convey to Dorsey, by special warranty deed, all that part of the tract to which he was entitled under the agreement with Cocke, upon Dorsey’s paying the amount of the debt, interest and costs of the suit in which the land was sold.